## MARTIN v. O'NEILL.

Circuit Court of Appeals, Fifth Circuit.
February 27, 1928.

No. 5216.

Cancellation of instruments ⊂═37(8)—Bill held not to state cause of action for cancellation of contract for sale of real estate to complainant.

Contract for sale of real estate by defendant to complainant *held* not subject to cancellation in equity because defendant failed to furnish an abstract of title·acceptable to complainant; the contract containing no such requirement, and the bill not alleging that defendant was unable to convey good title or was insolvent.

Appeal from the District Court of the United States for the Southern District of Florida; Lake Jones, Judge.

Suit in equity by L. E. Martin against Addison O'Neill. Decree dismissing bill, and complainant appeals. Affirmed.

Charles T. Jesse, Thomas W. Phillips, and Daniel P. Galen, all of Miami, Fla., for appellant.

Wm. M. Toomer, of Jacksonville, Fla., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The appeal is from a decree sustaining a motion to dismiss a bill in ·equity filed by the appellant, praying the rescission and cancellation of a contract for the sale of described land by the appellee to the appellant. That contract was entered into on September 1, 1925, and provided that, "if the" appellant "shall first make the payments and perform the covenants hereinafter mentioned on his part to be made and performed," the appellee "covenants and agrees to convey and assure to" appellant "his heirs, executors, administrators or assigns, in fee simple, clear of all incumbrances whatever, by a good and suf- ficient deed, the lot" described, and the appellant agrees to pay to appellee "the sum of thirteen thousand dollars in the manner following: Six hundred fifty dollars cash in hand, receipt of which is hereby acknowledged; thirteen hundred fifty dollars thirty days after date or ten days after delivery of abstract; two thousand three hundred thirty three dollars thirty days after delivery of abstract;" and other named amounts at stated dates thereafter. The bill contained averments to the following effect: The sum of $650 was paid by appellant at the time the contract was executed, and the sum of $1,- 350 was paid by him on October 15, 1925.

On the 13th and 24th days of January, 1926, appellant requested appellee "'to forward abstract of title as required of defendant by the terms and provisions of the contract aforesaid." During the latter part of January, 1926, appellee forwarded to appellant what purported to be an abstract of title covering said property. On February 2, 1926, appellant by letter advised appellee that appellant refused to accept the purported abstract "as an abstract showing good title to said property," and demanded the return to appellant of the $2,000 theretofore paid by him, and interest on that sum. Appellee refused to comply with that demand or to rescind said contract. Between the time the contract was entered into and the time appellee failed and refused to furnish appellant with a proper abstract of title as required by the terms of said contract, appellant was ready, willing, and able to perform the terms and provisions of said contract by him to be performed. The contract, a copy of which was made an exhibit to the bill, contains no reference to an abstract of title except that contained in language above quoted. It confers on appellee the option of forfeiting or terminating it in case of appellant's failure to make any payment called for or to perform any of the covenants on his part, but contains no provision as to appellant canceling or terminating the contract. The bill does not allege that appellee's title to the lot described is defective, or that appellee is insolvent or is or has been unable or unwilling to convey a good fee-simple title to that lot, clear of all incumbrances whatever.

The bill asserts the claim that appellant is entitled to a rescission or cancellation of the contract and to a repayment of the sums he has paid because of appellee's failure and refusal to furnish an abstract showing good title to said property. The contract imposes no such obligation on the appellee. It gave appellant no right to rescind because of appellee's failure to furnish an abstract of title, and did not make appellant's obligations to pay the stipulated amounts, and to accept a deed to the lot conveying a fee-simple title, clear of incumbrances, contingent upon his being furnished an abstract of title. The language of the instrument seems to be consistent with the parties contemplating that appellant would obtain an abstract of title from some one other than appellee. Even if the provision in that regard imposed an obligation on appellee, the furnishing by appellee of an abstract showing a good title was not made a condition precedent to ap-

pellant becoming and remaining obligated to pay the agreed price and to accept a good and sufficient deed of the lot conveying a fee-simple title, clear of incumbrances, and, so far as appears, appellant's remedy at law for appellee's breach of his obligation to furnish an abstract of title was not inadequate. This being so, and the allegations of the bill not showing that the contract sought to be canceled was voidable at the instance of the appellant because of mistake, fraud, imposition, or the existence of any recognized ground for granting the equitable remedy of cancellation or rescission, a right to equitable relief was not disclosed by the bill, and the court·did not err in sustaining the motion to dismiss it.

The decree.is affirmed.